UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

KENNETH WASHINGTON,

        Petitioner,

v.

MS. TYNON,

        Respondent.

9:17-CV-0710
(BKS)

APPEARANCES:

KENNETH WASHINGTON
Petitioner, pro se
**Last known address**
12703 Route 22
Canaan, NY 12029

OF COUNSEL:

BRENDA K. SANNES
United States District Judge

## DECISION and ORDER

On June 30, 2017, petitioner Kenneth Washington filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Dkt. No. 1, Petition ("Pet.").  On September 26, 2017, the Court issued a Decision and Order, directing petitioner to file an amended petition within thirty days because his petition did not comply with Rules 2(c)(1) and (2) of the Rules Governing Section 2254 Cases in the Untied States District Courts.  Dkt. No. 8 at 2, Decision and Order.

On October 4, 2017, service of the Court's Decision and Order by certified mail, addressed to petitioner at his address of record, was returned as undeliverable.  Dkt. No. 10.  The envelope was stamped: "Attempted – not known.  Unable to forward."  *Id.* at 1.

Rule 10.1(c)(2) of the Court's Local Rules of Practice states, in relevant part, that "[a]ll

attorneys of record and *pro se* litigants must immediately notify the Court of any change of address." N.D.N.Y. L.R. 10.1(c)(2) (emphasis omitted).[1]  As previously noted in this District:

> It is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions.  It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail.  In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries.  Address changes normally would be reflected by those inquiries if made in writing.

*Dansby v. Albany Cty. Corr. Facility*, No. 6:95-CV-1525 (RSP/RWS), 1996 WL 172699, at *1 (N.D.N.Y. Apr. 10, 1996) (*quoting Perkins v. King*, No. 84-3310, slip op. at 4 (5th Cir. May 19, 1985)).  "As a matter of course, courts in this district have dismissed actions when litigants have failed to abide by either the Local Rules or orders related to address changes, and have subsequently failed to prosecute their actions."  *Hill v. Donelli*, No. 9:05-CV-1245 (GLS/GHL), 2008 WL 4663364, at *2 (N.D.N.Y. Oct. 20, 2008) (collecting cases).

At no point has petitioner advised the Court, with respect to this action, of any change of his address.  Indeed, petitioner has not communicated with the Court regarding this case since July 24, 2017, when he filed an application to proceed in forma pauperis. Dkt. No. 6.  It appears that petitioner understood his obligation to apprise the Court of any change of address because he filed two notices of change of his address in another action that he commenced in this District pursuant to 42 U.S.C. § 1983.  *See Washington v. Czajka*, No. 1:17-CV–0683 (BKS/DJS), Dkt. No. 9, Notice of Change of Address, filed July 10, 2017; Dkt.

---

[1] Additionally, Local Rule 41.2(b) provides that "[f]ailure to notify the Court of a change of address in accordance with L.R. 10.1(c)(2) may result in the dismissal of any pending action." N.D.N.Y. L.R. 41.2(b).

No. 14, Notice of Change of Address, filed Aug. 30, 2017.[2]

In light of his pro se status, however, the Court will afford petitioner a final opportunity to notify the Court of his present address, and to file an amended petition in compliance with the Court's September 26, 2017, Decision and Order.  Petitioner must notify the Court of his current address and file an amended petition within thirty (30) days of the filing of this Decision and Order.

**WHEREFORE**, it is

**ORDERED** that petitioner shall notify the Clerk's Office of his current address **within thirty (30) days** of the filing date of this Decision and Order if he wishes to avoid dismissal of this action; and it is further

**ORDERED** that petitioner may file an amended petition **within thirty (30) days** of the filing date of this Decision and Order.  The Clerk is directed to provide petitioner with a blank § 2254 habeas petition for that purpose.  Petitioner shall complete every part of the blank petition, including the sections requiring him to state the name and location of the court that entered the judgment of conviction, the date of the judgment of conviction, the offense(s) for which he was convicted, and the length of the sentence that was imposed.  Petitioner must also state the date(s) upon which he filed any state court proceedings in which he challenged his conviction and clearly set forth the grounds raised in each application and the date(s) upon which the court(s) denied each application.  Petitioner must specify all of the grounds

---

[2] According to publicly available information (http://nysdoccslookup.doccs.ny.gov/kinqw00), on June 29, 2017, petitioner was conditionally released to parole from Washington Correctional Facility. Service of the Court's September 26, 2017, Decision and Order in this action was attempted at petitioner's last known address as provided in his § 1983 action. A review of the docket in that case reveals that the Court's Decision and Order, filed November 9, 2017, granting petitioner additional time to update his address and file any objections to a Report-Recommendation, was also returned to the Court as undeliverable. *Washington*, No. 1:17-CV-0683, Dkt. Nos. 17-19.

upon which his federal petition is based, and the facts supporting each ground, in the amended petition.

Petitioner **shall not** incorporate any portion of his original papers into his amended petition by reference.  He must include all relevant information in the amended petition and shall submit only one amended petition in accordance with the terms of this Decision and Order.  Petitioner must also name the proper respondent, and sign and date the amended petition; and it is further

**ORDERED** that if petitioner does not notify the Clerk's Office of his current address and/or file an amended petition within thirty (30) days of the filing date of this Decision and Order, the Clerk shall enter judgment dismissing this action without further order of the Court; and it is

**ORDERED** that upon the filing of any amended petition, the Clerk shall forward the file in this matter to the Court for further review; and it is

**ORDERED** that the Clerk shall serve a copy of this Decision and Order, as well as the Court's September 26, 2017, Decision and Order (Dkt. No. 8), on petitioner by certified mail at his last known address of record.

**IT IS SO ORDERED.**

Dated:  December 6, 2017

_Brenda K Sannes_
Brenda K. Sannes
U.S. District Judge